UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/23
```

UNITED STATES OF AMERICA,

                              Plaintiff-
                              Respondent,

            - against -

ANTHONY ABERNATHY,

                              Defendant-
                              Petitioner,

21 Cr. 0323 (VM)

22 Civ. 10199 (VM)

DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Defendant-Petitioner Anthony Abernathy ("Abernathy") moves *pro se* pursuant to 28 U.S.C. Section 2255 to vacate, set aside, or correct a 40-month sentence imposed by this Court on July 8, 2022. (See "Petition" or "Pet.," Civ. Dkt. No. 1, Cr. Dkt. 65.) Abernathy argues that the time he spent on bail during the pendency of his criminal case amounts to "official detention" that ought to be credited toward his federal prison time. (Id.) The United States timely opposed Abernathy's motion. (See "Opposition" or "Opp.," Cr. Dkt. No. 68.) For the reasons stated below, the Petition is **DENIED**.

## I.   BACKGROUND

The Government's criminal case against Abernathy began on April 1, 2021, when it filed a criminal complaint charging Abernathy and one co-defendant with Conspiracy to Commit

Hobbs Act Robbery, Hobbs Act Robbery, and Conspiracy to Commit Bank Robbery. (See Cr. Dkt. No. 1.) A warrant for Abernathy's arrest was issued the same day (see Cr. Dkt. No. 6), and Abernathy was arrested early on the morning of April 14, 2021 (see Cr. Dkt. No. 9).

Abernathy made his first appearance at a presentment hearing on the day of his arrest. (See Cr. Dkt. No. 9.) At his initial presentment, Abernathy consented to detention without prejudice for the night of April 14, and Magistrate Judge Ona T. Wang held a formal detention hearing the next day. (See Cr. Dkt. No. 10.) Magistrate Judge Wang released Abernathy on a $50,000 bond, with conditions of pretrial supervision including travel limitation to the Southern and Eastern Districts of New York, surrender of travel documents, curfew, and electronic monitoring. (See Cr. Dkt. No. 10; see also Opp. at 1.)

Abernathy remained out on bail during the pendency of his criminal case. The terms of his pretrial release were modified twice: first in September 2021 to permit Abernathy to attend a wedding in Florida (see Cr. Dkt. No. 21), and second in June 2022 to eliminate curfew as a bail condition (see Cr. Dkt. No. 49). After entering a guilty plea, Abernathy was sentenced to 40 months' imprisonment by this Court on July 8, 2022. (See Cr. Dkt. No. 54.) The Court directed

Abernathy to self-surrender to the Bureau of Prisons ("BOP") by 2 p.m. on September 21, 2022. Abernathy has been serving his 40-month sentence in BOP's custody since his self-surrender.

Abernathy filed the instant Petition on December 1, 2022, asking the Court to "[g]rant time for Home Confinement" from April 2020 to July 2022.[1] (Pet. at 12; see also Pet. at 4.) The Government timely opposed on March 7, 2023, and Abernathy never replied.[2] (See Opp.; see also Cr. Dkt. No. 70.)

## II.  DISCUSSION

Abernathy asks this Court to direct the BOP to give sentencing credit to Abernathy for time purportedly spent in "official detention" before sentencing while the Government's criminal case was still pending. Abernathy appears to believe that the BOP has miscalculated the remaining time on Abernathy's sentence. Abernathy does not assert that the

---

[1] Abernathy's request for credit for "home confinement" from April 2020 through July 2022 is puzzling given that Abernathy was not arrested until April 2021. The Government suspects this inaccuracy is a typographical error. (See Opp. at 2 n.1.) Regardless, the Court's conclusion to deny the Petition is unaffected by the accuracy of the dates Abernathy claims to have been in official detention.

[2] The Government appears to have initially failed to serve its Opposition on Abernathy. Upon discovering this failure on its own initiative, the Court on August 16, 2023 directed the Clerk of Court to serve Abernathy with a copy of the Government's Opposition. (See Cr. Dkt. No. 70, directing service of Cr. Dkt. No. 68). To date, Abernathy has not responded, and the Court considers the motion to be fully submitted. (See Cr. Dkt. No. 66 (setting reply deadline for Abernathy at 30 days following service of the Opposition).)

sentence of 40 months' imprisonment was itself imposed unlawfully. (See Pet. at 4, 12.)

At the outset, though the Petition now before the Court is styled under 28 U.S.C. Section 2255, a motion under Section 2255 allows a federal prisoner to challenge only the legality of the original sentence, not the execution of a sentence. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003); James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002).

A motion like Abernathy's, which relates to computation of pre-trial detention credit and effectively challenges the BOP's execution of this Court's sentence, is properly brought under 28 U.S.C. Section 2241 ("Section 2241"). See Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (recognizing Section 2241 as the vehicle for challenges to the "computation of a prisoner's sentence by prison officials").

Because Abernathy brought the Petition *pro se*, "it is the substance of the petition, rather than its form, that governs." James, 308 F.3d at 166. The Court accordingly construes and analyzes Abernathy's Petition as having been

brought under Section 2241, which governs the relief that Abernathy seeks. See Chambers, 106 F.3d at 475.

Even analyzed under Section 2241, Abernathy's Petition has no merit.

A.   JURISDICTIONAL AND PROCEDURAL DEFECTS

The Government argues that two threshold defects doom Abernathy's Petition: this Court's lack of jurisdiction to grant relief, and Abernathy's failure to exhaust his administrative remedies. (See Opp. at 2-3.) The Court agrees and denies the Petition for these reasons.

First, a petition brought under Section 2241 to challenge the execution of a federal sentence must be brought "in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); see also 28 U.S.C. § 2241(a); id. § 2243. Abernathy, who is serving his sentence at FCI Allenwood in White Deer, Pennsylvania, should have sought relief from the U.S. District Court for the Middle District of Pennsylvania, which has the proper jurisdiction to enter an order concerning the execution of his federal sentence.

This Court simply does not have the power to grant the relief that Abernathy seeks.[3]

Second, as the Government rightly notes, a prisoner challenging the computation of a sentence must first "exhaust administrative remedies" with the BOP "prior to seeking relief in the district court for sentencing credit." United States v. Martinez, 19 F.3d 97, 99 (2d Cir. 1994) (citing 18 U.S.C. § 3585); see United States v. Wusebio, 2007 WL 582745, at *2 (S.D.N.Y. Feb. 21, 2007) (same). The Petition makes no reference to administrative remedies that Abernathy may have pursued with the BOP. The Petition is thus procedurally improper and can be denied on that basis alone.

B.   BAIL CONDITIONS AS "OFFICIAL DETENTION"

Even though the Government's arguments with respect to jurisdiction and administrative exhaustion are, by themselves, independent bases to deny Abernathy's Petition, the Court has considered the merits of Abernathy's Petition and briefly addresses them in the interest of preventing

---

[3] Under Section 2255, this Court would be the proper venue to seek an order modifying or vacating Abernathy's sentence because this is the Court that originally entered that sentence. See Panico v. United States, 412 F.2d 1151, 1155-56 (2d Cir. 1969). Yet, as stated above, Abernathy does not seek relief within the proper ambit of Section 2255, and the Court considers Abernathy's Petition under Section 2241.

future litigation on identical issues should Abernathy ever cure the threshold defects noted above.

Under 18 U.S.C. Section 3585(b), the BOP has the authority to credit a prisoner with time spent in "official detention" before the prisoner's sentence began. See United States v. Wilson, 503 U.S. 329, 333 (1992). Yet, "a prisoner is not entitled to sentencing credit for time spent during his release on bail." Martinez, 19 F.3d at 99; see United States v. Edwards, 960 F.2d 278, 283 (2d Cir. 1992) ("[A] defendant . . . who is released on bail pending sentence, is not entitled to sentencing credit for the time spent on bail, during which he was placed under electronic monitoring and largely restricted to his residence, although such terms of release on bail ofttimes may be rather restrictive.").

Abernathy appears to assert that his bail conditions, which he describes as "home confinement," were so onerous that they amounted to "official detention." (See Pet. at 4, 12.) As a matter of the record, Abernathy's bail conditions included electronic surveillance and a curfew but did not include any period of home confinement. (See Cr. Dkt. 10.) In any case, "time spent in home confinement is generally not considered to be time in prison for which the defendant is

afforded credit." <u>United States v. Masso</u>, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013).

Abernathy's bail conditions were no more onerous than the monitoring that petitioners faced in <u>Martinez</u>, 19 F.3d at 99, or <u>Edwards</u>, 960 F.2d at 283, and in both cases the Second Circuit held that those conditions failed to meet the definition of "official detention" for which a prisoner could receive credit. The law is clear that Abernathy was not in "official detention" when he was released on bail, and the time he spent released on bail cannot be credited toward his sentence.

For this reason, even if the Petition had been jurisdictionally and procedurally proper, the Court would deny the Petition on its merits.

### III. <u>ORDER</u>

For the reasons stated above, it is hereby:

**ORDERED** that the motion (Cr. Dkt. No. 65) filed by defendant-petitioner Anthony Abernathy ("Abernathy") to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. Section 2255 is **DENIED**; and it is further

**ORDERED** that the petition (Civ. Dkt. No. 1) filed by defendant-petitioner Abernathy to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255 is **DENIED**.

The Clerk of Court is respectfully directed to close the cases styled 21 Cr. 0323 and 22 Civ. 10199 in accordance with this Order.

**SO ORDERED.**

Dated:     New York, New York
           23 October 2023

                                                    Victor Marrero
                                                      U.S.D.J.